NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001093
27-JUN-2013
08:34 AM

CAAP-11-0001093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BG INCORPORATED, a Hawaiʻi corporation,
BRYAN FUNAI AND CYNTHIA J. FUNAI, Plaintiffs/Appellees,
v.
WILLIAM S. ELLIS, JR., Defendant/Appellant,
and
P.F. THREE PARTNERS, a Hawaiʻi limited partnership,
BARBARA A. SUMIDA, SUCCESSOR TRUSTEE OF THE MASARU SUMIDA TRUST;
STANLEY UNTEN, TRUESTEE AND SHAREHOLDER OF BANANA GROWERS OF
HAWAII, INC., a dissolved Hawaiʻi Corporation; TAMAE M. SHIRAISHI
and DEBRA J. SHIRAISHI-PRATT, SUCCESSOR CO-TRUSTEES TO CHARLEY T.
SHIRAISHI, TRUSTEE OF THE CHARLEY T. SHIRAISHI REVOCABLE TRUST;
JOHN DOES 1-100; and DOE CORPORATIONS 1-10, Defendants/Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 05-1-0232(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant William S. Ellis, Jr. (Ellis),
appearing pro se, appeals from the following judgments filed in
the Circuit Court of the Second Circuit (Circuit Court):[1] (1)
"Partial Final Judgment in Favor of Plaintiffs," which was filed
on September, 16, 2011; and (2) "Final Judgment Dismissing Cross-
Claim Against Defendants Barbara A. Sumida, et al., filed by
[Ellis] on April 28, 2011, or in the Alternative, For Summary
Judgment" (Judgment Dismissing Cross-Claim), which was filed on
October 13, 2011.  The "Partial Final Judgment in Favor of
Plaintiffs" dismissed Ellis's counterclaim against Plaintiffs-
Appellees Bryan Funia, Cynthia J. Funai, and BG Incorporated

_____

[1]  The Honorable Shackley F. Raffetto presided.

(collectively, "Plaintiffs"). The Judgment Dismissing Cross-Claim dismissed Ellis's cross-claim against Defendants-Appellees Barbara A. Sumida, Stanley Unten, Tamae S. Shiraishi, and Debra Shiraishi-Pratt, in their respective capacities (collectively, "SUS Defendants").

On appeal, Ellis argues that the Circuit Court erred in dismissing his counterclaim against Plaintiffs and his cross-claim against the SUS Defendants.[2] We conclude that Ellis's arguments are without merit.

At the outset, we note that Ellis's (1) counterclaim against Plaintiffs for abuse of process and (2) his counterclaim against Plaintiffs and cross-claim against the SUS Defendants for conspiracy to abuse process are based on alleged abuse of process arising out of lawsuits filed by Plaintiffs against P.F. Three Partners (PF3), a limited partnership. Ellis is not an attorney, and he cannot represent the interests of PF3.[3] See In re Ellis, 55 Haw. 458, 460, 522 P.2d 460, 462 (1974) ("There can be, and is, no doubt that Mr. Ellis has openly and continually ignored the order of this Court, dated September 23, 1971, enjoining him from the further unauthorized practice of law.") Ellis lacks standing to raise claims asserting injury or damage to PF3.

To the extent that Ellis seeks to assert claims of injury or damage to himself, we conclude that the Circuit Court properly dismissed Ellis's counterclaim and cross-claim pursuant to Hawaii Rules of Civil Procedure Rule 12(b)(6) (2000) for failure to state a claim upon which relief can be granted. The Circuit Court properly dismissed Ellis's counterclaim against Plaintiffs for abuse of process because Ellis failed to allege "'a wilful act in the use of process which is not proper in the

---

[2] Ellis filed a counterclaim against Plaintiffs for abuse of process as well as a two-count counterclaim against Plaintiffs and cross-claim against the SUS Defendants for conspiracy to abuse process (Count 1) and "conspiracy for interference with and breach of SUS settlement" (Count 2).

[3] Indeed, the SUS Defendants assert that PF3 has been represented by its own lawyer during the proceedings.

2

regular conduct of the proceeding.'" Young v. Allstate Ins. Co., 119 Hawai'i 403, 412, 198 P.3d 666, 675 (2008) (citation omitted). Because Ellis did not validly state a counterclaim for abuse of process against Plaintiffs, his counterclaim against Plaintiffs and cross-claim against the SUS Defendants for conspiracy to abuse process likewise failed to state a claim for relief.

The Circuit Court properly dismissed Ellis's counterclaim against Plaintiffs and cross-claim against the SUS Defendants for "Conspiracy for Interference with and Breach of the SUS Settlement" because Ellis failed to allege facts that would show that the SUS Defendants breached their settlement agreement or would establish the elements of a claim for tortious interference with contractual relations. See Meridian Mortg., Inc. v. First Hawaiian Bank, 109 Hawai'i 35, 44, 122 P.3d 1133, 1142 (App. 2005) (describing the required elements for a claim of tortious interference with contractual relations).

We affirm the Circuit Court's (1) "Partial Final Judgment in Favor of Plaintiffs" filed on September, 16, 2011, and (2) Judgment Dismissing Cross-Claim filed on October 13, 2011.

DATED: Honolulu, Hawai'i, June 27, 2013.

On the briefs:

William S. Ellis, Jr.
Defendant/Appellant Pro Se

Gary G. Grimmer
(Gary G. Grimmer & Associates)
for Plaintiffs-Appellees

Robert K. Matsumoto
for Defendants-Appellees
Barbara A. Sumida, Stanley Unten,
Tamae M. Shiraishi and Debra J.
Shiraishi-Pratt in their
respective capacities

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge